08-CV-05444-ORD

HONORABLE RONALD B. LEIGHTON

FILED / RECEIVED / LODGED
APR 27 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM D. WEBSTER,

        Plaintiff,

v.

JUDGE STEPHEN J. HOLMAN, in his official capacity,

        Defendant.

Case No. C08-5444RBL

ORDER DISMISSING COMPLAINT AGAINST DEFENDANT

      Plaintiff filed a Complaint in this Court on July 15, 2008 [Dkt. #1]. To date Plaintiff has not provided proof that the Defendant has been served pursuant to FRCP 4(m). On January 6, 2009, the Court ordered Plaintiff to provide proof of service or show good cause why Defendant was not served by February 6, 2009, or the Complaint would be dismissed [Dkt. #7].

      Instead of providing proof of service as required under FRCP 4(m), Plaintiff filed a Motion for Summary Judgment and a Writ of Mandamus on February 3, 2009 [Dkt. #8]. In that Motion, and in an

ORDER
Page - 1

affidavit filed February 19, 2009, Plaintiff claims to have served the Kitsap County Court Clerk on July 15, 2008. Plaintiff argues that service on the Court Clerk qualifies as proper service on Defendant under FRCP 4(e)(C).

FRCP 4(e)(C) states "an individual . . . may be served in a judicial district of the United States by delivering a copy of [the summons and complaint] to an agent authorized by appointment of law to receive service of process." Plaintiff argues that the Court Clerk is an "agent authorized by appointment of law" within the meaning of the Rule. Plaintiff relies on RCW 4.28.080(16) in justifying his service of process on the Court Clerk instead of the Defendant himself. RCW 4.28.080(16) states in pertinent part "where the person cannot with reasonable diligence be served as described, the summons may be served . . . by leaving a copy at his or her usual mailing address with . . . [an] agent thereof." The statute goes on to state "for the purposes of this subsection, 'usual mailing address' shall not include . . . the person's place of employment." RCW 4.28.080(16).

Plaintiff's service of process on the Court Clerk fails in two ways. First, the Court Clerk is not an agent authorized by appointment of law as defined by the Rule. The Court Clerk is an employee of the *court* and not an agent of the judge who is similarly employed by the court. As the Kitsap County Code explains, "the [Court Clerk] shall be appointed by the *court* to serve at the pleasure of the *court*." Kitsap County, Wa., Code §2.20.060 (emphasis added).

Second, Plaintiff served process on an individual other than Defendant at the Defendant's place of employment. While Plaintiff attempts to use RCW 4.28.080(16) as a way around the general in person service requirement, he served process at the Defendant's place of employment which is expressly prohibited under the same statute.

Plaintiff has not complied with the Court's January 6, 2009 order. Proof of service of the Complaint on Defendant is still absent from the record. Because Plaintiff has failed to provide proof of

ORDER
Page - 2

service on Defendant, his Complaint [Dkt. #1] is DISMISSED without prejudice. Plaintiff's Motion for Summary Judgment [Dkt. #8] is DENIED as moot.

IT IS SO ORDERED.

Dated this 27th day of April, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
United States District Court Judge